NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIANMING WANG,

               Petitioner,

   v.

JEFFERSON B. SESSIONS III,
Attorney General,

               Respondent.

No. 12-73296

Agency No. A099-902-102

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2018**
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Jianming Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal.  The BIA affirmed

the Immigration Judge's order denying Wang's application for asylum,

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture. We deny the petition.

The BIA concluded that the IJ's adverse credibility finding was not clearly erroneous. We review the decision for substantial evidence. *Villavicencio v. Sessions*, 879 F.3d 941, 945 (9th Cir. 2018). This is a highly deferential standard. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Rodriguez v. Holder*, 683 F.3d 1164, 1171 (9th Cir. 2012) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (U.S. 1985)). The adverse credibility finding was based on a permissible view of the evidence.

Substantial evidence supported the finding that Wang's testimony regarding the respondent's role in his church in China was inconsistent. Wang's initial explanation of his role was ambiguous and was reasonably understood to have been a denial of leadership. Petitioner later testified that he was the leader of his church group. Moreover, the IJ based the adverse credibility determination on Wang's demeanor, a determination to which we must give special deference. 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base an adverse credibility determination on the "demeanor, candor, or responsiveness" of the applicant); *see Ling Huang v. Holder*, 744 F.3d 1149, 1153–54 (9th Cir. 2014) ("The need for deference is

particularly strong in the context of demeanor assessments."). Here the IJ pointed to specific instances in the record where Wang was evasive and non-responsive.

Substantial evidence also supported the finding that Petitioner's testimony was implausible. The IJ's determination that church members were part of a group classified by the Chinese government as an "evil cult" was based on background evidence before the IJ, and therefore "can support an adverse credibility finding." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005). If a group is so persecuted that it is labeled an "evil cult," it is not plausible that ten members of that group would have enough political strength to arrange Brother Li's release. As the IJ reasoned, if protesting members of Petitioner's church had actually persuaded the mayor and secured Brother Li's release, as alleged, "why would it not be reasonable to conclude that the same mayor or any other person . . . [could] communicate with the authorities so that the respondent would never be arrested, never be placed in detention, or his behavior never questioned[?]"

We do not reach the other grounds cited in support of the adverse credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence . . . we are bound to accept the IJ's adverse credibility finding.").

**PETITION FOR REVIEW DENIED.**